# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV18-01950-RGK (GJSx) | Date | March 13, 2018 |
|---|---|---|---|
| Title | *ALFONSO MARTINDALE v. PEOPLEREADY, INC., et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Remanding Action to State Court**

On March 14, 2017, Alfonso Martindale ("Plaintiff") filed a complaint against PeopleReady, Inc. ("Defendant") alleging wrongful termination and intentional infliction of emotional distress arising from racial discrimination.

On March 8, 2018, after obtaining information through discovery, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

In his complaint, Plaintiff seeks damages for lost wages, physical and mental damages, general damages, and punitive damages. In support of its removal, Defendant relies on Plaintiff's discovery responses in which Plaintiff states that the sum of his lost wages alone is over $52,150, and continues to accrue at $1,000 per month. Defendant states that Plaintiff's damages through trial for lost wages will be $58,150, based on Plaintiff's calculations. Defendant then relies on past jury verdicts to support its argument that emotional distress and punitive damages will be substantially more than the $17,000 needed to meet the jurisdictional minimum.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV18-01950-RGK (GJSx) | Date | March 13, 2018 |
|---|---|---|---|
| Title | *ALFONSO MARTINDALE v. PEOPLEREADY, INC., et al* | | |

The Court finds that Defendant fails to prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. With $52,150 as a starting point, no supporting evidence regarding emotional distress damages, and only speculation as to punitive damages, Defendants do not meet the minimum amount in controversy.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                         :
Initials of Preparer